UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>                          Plaintiff,<br><br>v.<br><br>TESLA MOTORS, INC., a Delaware Corporation; and DOES 1-10,<br><br>                        Defendants. | Case No.: 19-CV-01193-AJB-BLM<br><br>**ORDER GRANTING DEFENDANT TESLA, INC.'S MOTION DISMISS, OR IN THE ALTERNATIVE, STRIKE PLAINTIFF'S CLAIM**<br><br>**(Doc. No. 10)** |

Before the Court is Defendant Tesla, Inc.'s ("Defendant") motion to dismiss Plaintiff Brian Whitaker's ("Plaintiff") complaint, or in the alternative, strike Plaintiff's claim. (Doc. No. 10.) Plaintiff opposes the motion submitted by Defendant. (Doc. No. 12.) For the reasons discussed herein, the Court **GRANTS** Defendant's motion to dismiss.

### I.    BACKGROUND

Plaintiff suffers from a C-4 spinal cord injury and uses a wheelchair for mobility. (Doc. No. 1 ¶ 1.) Tesla owned the dealership located at or about 7007 Friars Road, San Diego, California in June 2019, and currently owns the dealership (the "Dealership"). (*Id.* ¶ 2–3.) The Dealership is open to the public. (*Id.* ¶ 9.)

Plaintiff went to the Dealership in June 2019 with the intention to avail himself of its goods, motivated in part to determine if Defendants comply with the disability access

laws. (*Id.* ¶ 8.) According to Plaintiff, Defendants failed to provide accessible service counters. (*Id.* ¶¶ 11–13.) The failure to provide accessible facilities created difficulty and discomfort for Plaintiff. (*Id.* ¶ 14.) Plaintiff is further deterred from availing himself of Tesla's goods because of his knowledge of the existing barriers. (*Id.* ¶ 17.) However, Plaintiff will return to Defendant to avail himself of its goods and to determine compliance with the disability access laws once it has represented to him that Defendant and its facilities are accessible. (*Id.*)

On June 26, 2019, Plaintiff filed a complaint with this Court. (Doc. No. 1.) Subsequently, on August 30, 2019, Defendant filed its motion to dismiss Plaintiff's complaint. (Doc. No. 10.) Plaintiff filed a response in opposition to Defendant's motion to dismiss, (Doc. No. 12), and Defendants filed their reply, (Doc. No. 13).

## II.    LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a plaintiff's complaint and allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "[A] court may dismiss a complaint as a matter of law for (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation and internal quotation marks omitted). However, a complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this determination, a court reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007).

Notwithstanding this deference, the reviewing court need not accept "legal conclusions" as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is also improper for a court to assume "the [plaintiff] can prove facts that [he or she] has not alleged." *Associated*

*Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

### III.  DISCUSSION

First, the Court will address Defendant's request for judicial notice. Next, the Court will address Defendant's motion to dismiss.

A.  <u>Defendant's Request for Judicial Notice</u>

Under the Federal Rules of Evidence, courts may take judicial notice of a "fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Specifically, matters of public record and judicial proceedings in other courts have been recognized as acceptable facts the court may judicially notice. *See Wheeler v. Premiere Credit of North America*, 80 F. Supp. 3d 1108, 1112 (S.D. Cal. 2015) (stating a federal appellate opinion was a matter of public record and was capable of accurate and ready determination, and therefore the court could take judicial notice of the opinion); *Rosales-Martinez v. Palmer*, 753 F.3d 890, 894 (9th Cir. 2014) (stating the court may take judicial notice of judicial proceedings in other courts) (citing *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006))); *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Defendant requests that the Court take judicial notice of the following documents: (1) Order to Show Cause Re Supplemental Jurisdiction, issued by the Honorable Judge Fitzgerald in the Central District of California, Case No. 2:19-cv-06605-MWF-E, ECF Dkt. No. 9, dated August 9, 2019; (2) Declaration of Plaintiff Brian Whitaker, filed in response to the August 9, 2019 OSC issued by the Honorable Judge Fitzgerald in the Central District of California, Case No. 2:19-cv-06605-MWF-E, Dkt. No. 12-1, dated August 21, 2019; and (3) list of Plaintiff's Central District complaints as listed on the court's docket. (Doc. No. 10-2 at 2.)

A "court may take judicial notice of court records in another case." *United States v. Howard*, 381 F.3d 873, 876 fn.1 (9th Cir. 2004). However, "[w]hile the authenticity and existence of a particular order, motion, pleading or judicial proceeding, which is a matter of public record, is judicially noticeable, veracity and validity of its contents ... are not." *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 974 (E.D. Cal. 2004). Accordingly, the Court **GRANTS** Defendant's request for judicial notice for the stated purpose that these documents exist.

B.    The Americans with Disabilities Act

The Americans with Disabilities Act ("ADA") bars discrimination against an individual "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). A restaurant or other establishment that serves food or drink is a "public accommodation" under the ADA. 42 U.S.C. § 12181(7)(B).

Prevailing on an ADA claim requires a plaintiff to prove that (1) he or she has a disability, as defined under the ADA; (2) the defendant leases, owns, or operates a place of public accommodation; and (3) the defendant denied public accommodations to the plaintiff because of plaintiff's disability. 42 U.S.C. §§ 12181(a)–(b); *see Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). Furthermore, a plaintiff is not required to show "intentional discrimination in order to make out a violation of the ADA." *Lentini*, 370 F.3d at 846. The available remedy under the ADA does not include recovery of damages, but instead provides only injunctive relief. *Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1029 (S.D. Cal. 2017) (quoting *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) (citing 42 U.S.C. § 12188(a)(1))).

As to the third element—whether Plaintiff was denied public accommodations by Defendant because of his disability—Defendant contends the assertions in the complaint are conclusory and thus fail to plausibly allege it denied Plaintiff public accommodation based on his disability. (Doc. No. 10-1 at 5.) Plaintiff does not provide sufficient factual

allegations as to how he was denied accommodation because he is in a wheelchair. Plaintiff does not identify which counter or counters in the Dealership failed to accommodate Plaintiff's needs. Further, the Complaint does not state the manner in which the counters were inaccessible. As Plaintiff's allegations are only "naked assertions devoid of further factual enhancement, and the Court need not accept "legal conclusions" as true, the Court finds Plaintiff's allegations for this element of an ADA claim insufficient. *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

In conclusion, the Court holds that Plaintiff's Complaint lacks sufficient facts to support a cognizable ADA claim.

C.    <u>Unruh Civil Rights Act Claim and Supplemental Jurisdiction</u>

Defendant also urges the Court to decline to exercise supplement jurisdiction over Plaintiff's cause of action for violation of the Unruh Civil Rights Act ("Unruh Act"). (Doc. No. 10-1 at 5.) Plaintiff argues there is no basis for the Court to decline supplemental jurisdiction over the claim. (Doc. No. 12 at 11.) The Court agrees with Defendant.

Under 28 U.S.C. § 1367, a district court may decline to exercise supplemental jurisdiction over a state law claim if: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). The decision to decline supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) should be informed by the values of economy, convenience, fairness, and comity. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1996).

Plaintiff's state law claim arises under California's Unruh Act. The Unruh Act provides that "[a]ll persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business

establishments of every kind whatsoever." Cal. Civ. Code § 51(b). "A violation of the right of any individual under the federal Americans with Disabilities Act of 1990 (P.L. 101–3361) shall also constitute a violation of this section." Cal. Civ. Code § 51(f). "A violation of the Unruh Act may be maintained independent of an ADA claim where a plaintiff pleads 'intentional discrimination in public accommodations in violation of the terms of the Act." *Earll v. eBay, Inc.*, 5:11–cv–00262, 2011 WL 3955485, at *3 (N.D. Cal. Sept. 7, 2011) (quoting *Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 668 (2009)).

Defendant presents two arguments as grounds to decline supplemental jurisdiction. First, Defendant contends that because Unruh Act claims allow damages of $4,000 per violation, whereas the ADA only permits injunctive relief, the California claim predominates over the ADA claim. (Doc. No. 10-1 at 8–10.) And for the second ground, Defendant argues Plaintiff's inclusion of his Unruh Act claim constitutes impermissible forum shopping because it is an end-around to California's heightened pleading standards requiring disability access plaintiffs to verify their complaints in state court. (*Id.* at 10–11.)

As to Defendant's first argument, the Court agrees with Defendant's argument that state law issues predominate over ADA claim issues. If the Court exercises supplemental jurisdiction over the Unruh Act claim, (1) Defendant's intent, (2) monetary damages, and (3) Plaintiff's emotional distress would be extraneous issues that would have to be litigated and yet not relevant to the federal claim. As such, given these additional elements necessary for an Unruh Act claim, the Court will decline to exercise jurisdiction over the state law claim. *See Feezor v. Tesstab Operations Grp., Inc.*, 524 F. Supp. 2d 1222, 1224 (S.D. Cal. 2007) ("Given the disparity in terms of comprehensiveness of the remedy sought, state law claims substantially predominate over the ADA for purposes of 28 U.S.C. § 1367(c)(2).").

Lastly, the Court agrees and declines to exercise supplemental jurisdiction out of deference to California's heightened pleading requirements for disability lawsuits, and in the interest of comity, as California courts should interpret the state's disability laws. Indeed, the Court will join other California district courts that have identified these factors as a "compelling reason" to decline to exercise supplemental jurisdiction over disability

claims arising under the Unruh Act. *See Schutza*, 262 F. Supp. 3d at 1030–31 ("[A]s a matter of comity, and in deference to California's substantial interest in discouraging unverified disability discrimination claims, the Court declines supplemental jurisdiction over Plaintiff's Unruh Act claim."); *Molski v. Hitching Post I Restaurant, Inc.*, No. 04-cv-1077-SVWRNBX, 2005 WL 3952248 at *9 (C.D. Cal. May 25, 2005) ("Because the California courts should be given an opportunity to interpret California's disability laws, because the calculated effort to avoid having California courts decide issues of California law is to be discouraged, and because the parties themselves are entitled to a surer-footed interpretation of California's disability laws, the Court finds that compelling reasons exist to decline supplemental jurisdiction over [Plaintiff's] state law claims.").

Thus, the Court declines to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim.

### IV. CONCLUSION

In light of the foregoing reasons, Defendant's motion to dismiss is **GRANTED**. As Plaintiff fails to adequately plead an ADA violation, Plaintiff's ADA claim is **DISMISSED**. But appearing that amendment would not be futile, the Court **GRANTS** Plaintiff leave to amend his ADA claim. Lastly, Plaintiff's Unruh Act claim is **DISMISSED WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND**. Plaintiff is to file an amended complaint consistent with this order **within thirty (30) days** of this Order.

**IT IS SO ORDERED**.

Dated: May 15, 2020

Hon. Anthony J. Battaglia
United States District Judge