Rohit A. Sabnis, State Bar No. 221465
Arthur S. Gaus, State Bar No. 289560
BURNHAM BROWN
A Professional Law Corporation
P.O. Box 119
Oakland, California 94604-0119
---
1901 Harrison Street, Suite 1300
Oakland, California 94612-3523
Telephone:  (510) 444-6800
Facsimile:   (510) 835-6666
Email:
rsabnis@burnhambrown.com
agaus@burnhambrown.com

Attorneys for Defendant
TESLA, INC. (erroneously sued herein as Tesla Motors, Inc.)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TESLA MOTORS, INC., a Delaware Corporation; and DOES 1-10,<br><br>　　　　Defendants. | No. 3:19-cv-01193-AJB-BLM<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT TESLA, INC.'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>**[Fed. R. Civ. P. 12(b)(1)]**<br><br>Date:　　　September 17, 2020<br>Time:　　　2:00 p.m.<br>Courtroom: 4A<br><br>Complaint Filed: June 26, 2019<br>FAC File: June 10, 2020 |

| | | | |
|---|---|---|---|
| I. | | INTRODUCTION ............................................................................... | 5 |
| II. | | FACTUAL AND PROCEDURAL BACKGROUND ............................... | 5 |
| III. | | LEGAL STANDARD ........................................................................... | 6 |
| IV. | | ARGUMENT ........................................................................................ | 7 |
| | A. | The FAC Fails To Allege Sufficient Facts Of An Intent To Return ........... | 9 |
| | | 1. Plaintiff's Residence And/Or Business Are Not In Close Proximity to Tesla's Showroom ......................................................... | 9 |
| | | 2. Plaintiff Has Alleged Only One Past Visit to the Tesla Showroom ........................................................................................ | 11 |
| | | 3. Plaintiff Has Not Sufficiently Alleged a Definitive Plan to Return ............................................................................................... | 11 |
| | | 4. Plaintiff's Complaint is Silent as to the Frequency of His Travels to the Area of the Tesla Showroom .................................. | 12 |
| | B. | The FAC Fails to Allege Sufficient Facts of Deterrence ......................... | 13 |
| | C. | Plaintiff's Status As A High Frequency ADA Litigant Weighs Against An Intent to Return And Deterrence ............................................ | 14 |
| V. | | CONCLUSION ..................................................................................... | 14 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arbaugh v. Y&H Corp*,
    546 U.S. 500 (2006) ....................................................................................................... 7

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ..................................................................................................... 13

*B.C. v. Plumas Unified School Dist.*,
    192 F.3d 1260 (9th Cir. 1999) ....................................................................................... 6

*Chapman v. Pier 1 Imps. (U.S.) Inc.*,
    631 F.3d 939 (9th Cir. 2011) ............................................................................ 7, 8, 9, 13

*Civil Rights Educ. & Enf't Ctr. v. Hosp. Props. Tr.*,
    867 F.3d 1093 (9th Cir. 2017) ....................................................................................... 8

*Harris v. Del Taco, Inc.*
    396 F.Supp.2d 1107 (C.D. Cal. 2005) ......................................................................... 11

*Harris v. Stonecrest Care Auto Center, LLC*,
    472 F.Supp.2d 1208 (S.D. Cal. 2007) ........................................................................ 7, 9

*Head v. Wilkie*,
    936 F.3d 1007 (9th Cir. 2019) ....................................................................................... 7

*Johnson v. DTBA, LLC*,
    No. 5:19-cv-00082-EJD, 2019 WL 6311408 (N.D. Cal. Nov. 25, 2019) ..................... 9

*Johnson v. Mantena LLC*,
    No. 5:19-cv-06468-EJD, 2020 WL 1531355 (N.D. Cal., March 31, 2020) ........ passim

*Johnson v. Oishi*,
    362 F.Supp.3d 843 (E.D. Cal. 2019) ............................................................................. 7

*Johnson v. Overlook at Blue Ravine, LLC*,
    No. 2:10-cv-02387-JAM-DAD, 2012 WL 2993890 (E.D. Cal. 2012) ............ 9, 10, 11, 12

*Kingman Reef Atoll Investments, LLC v. U.S.*,
    541 F.3d 1189 (9th Cir. 2009) ....................................................................................... 8

*Lujan,* 504 U.S. at 564 n. 2 ................................................................................................ 11, 13

*Maya v. Centex*,
    658 F.3d 1060 (9th Cir. 2011) ....................................................................................... 8

*Molski v. Mandarin Touch Restaurant*
    385 F.Supp.2d 1042 (E.D. Cal. 2005) ...................................................................... 10

*Parr v. L & L Drive-Inn Restaurant*
    96 F.Supp.2d 1065 (D. Hawai'i 2000) ..................................................................... 11

*Safer Air for Everyone v. Meyer*,
    373 F.3d 1035 (9th Cir. 2004) .................................................................................. 7

*Strojnik v. Bakersfield Convention Hotel LLC*,
    436 F.Supp.3d 1332, 1342 (E.D. Cal. 2020) ............................................................. 8

*Strojnik v Wickstrom Hosp., LLC*,
    Case No. 2:19-cv-002043, 2020 WL 1467067 (E.D. Cal. Mar. 26, 2020) ............. 14

*Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.*,
    594 F.2d 730 (9th Cir. 1979) .................................................................................... 7

*Watson v. Chessman*,
    362 F.Supp.2d 1190 (S.D. Cal. 2005) ....................................................................... 7

*Whitaker v. Tesla Motors, Inc.*,
    No. CV 19-6605-MWF-E, 2019 WL 787377 (C.D. Cal. October 17, 2019) ........... 6

*Wilson v. Costco Wholesale Corp.*,
    426 F.Supp.2d 1115 (S.D. Cal. 2006) ....................................................................... 9

**Statutes**

ADA ............................................................................................................................. *passim*

Title III of the Americans with Disabilities Act of 1990 ................................... 5, 6, 9, 14

Article III .................................................................................................................... *passim*

California Code of Civil Procedure Section 425.55 ........................................................ 5

California's Unruh Civil Rights Act ................................................................................ 6

**Other Authorities**

Fed. R. Civ. P. 12(b)(1) ................................................................................................ 5, 7

Fed. R. Civ. P. 12(b)(6) .................................................................................................... 5

Fed. R. Evid. 201 ........................................................................................................... 10

## I.     INTRODUCTION

Defendant TESLA, INC. ("Tesla") submits this motion to dismiss the First Amended Complaint ("FAC") of serial Plaintiff BRIAN WHITAKER ("Plaintiff") for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  In this action, Plaintiff seeks injunctive relief based on the allegation that he suffered discrimination during a visit to a Tesla showroom located at 7007 Friars Road, San Diego, California (the "Showroom") in violation of Title III of the Americans with Disabilities Act of 1990 ("ADA").  Plaintiff simply alleges he encountered access barriers in the form of "service counters" that were too tall.  The FAC, however, offers no specific facts indicating Plaintiff has Article III constitutional standing to bring this action.  In particular, the FAC fails to allege any specific facts indicating that there is a threat of future harm, a required element of standing, to Plaintiff stemming from Tesla's alleged actions.  Instead, the FAC offers nothing more than bald legal conclusions that Plaintiff intends to return to but is deterred from returning to the Showroom.  Consequently, this Court lacks subject matter jurisdiction and the FAC should be dismissed.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is an admitted High Frequency ADA litigant as defined by California Code of Civil Procedure Section 425.55.  [ECF Dkt. No. 12 at 13:2-4].  He has filed over 200 lawsuits alleging an ADA violation over the past year.  [ECF Dkt No. 10-5].

Plaintiff filed his original complaint on June 26, 2019.  [ECF Dkt. No. 1].  Tesla's initial Motion to Dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) was granted by this Court on May 15, 2020 with leave to amend based on Plaintiff's failure to plead with specificity how Tesla's "service counters" were an alleged barrier to access to Plaintiff.  [ECF Dkt. No. 18].  The Court also declined to exercise supplemental jurisdiction over Plaintiff's claims arising under California law.

Plaintiff subsequently filed the FAC. [ECF Dkt. No. 21]. The FAC is nearly identical to the original complaint, except that it offers a description of the alleged access barrier and omits Plaintiff's prior cause of action for statutory damages under California's Unruh Civil Rights Act, leaving only his claim for injunctive relief under the ADA. The FAC, in relevant substance, alleges Plaintiff is disabled and uses a wheelchair for mobility and that Tesla operates the Showroom as described in the FAC. Plaintiff claims that he made one visit to the Tesla Showroom in June 2019 to "avail himself of its goods, motivated in part to determine if defendants comply with disability access laws." [FAC at ¶¶ 2, 7]. There he allegedly encountered "service counters" that fail to comply with the ADA Accessibility Standards ("ADAS"). [FAC at ¶¶ 10, 20-21]. Plaintiff further alleges that he "will return to Tesla to avail himself of its goods and to determine compliance with disability access laws once it is represented to him that Tesla and its facilities are accessible." He further alleges that he is currently deterred from returning to the Tesla Showroom "because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site." [FAC at ¶17].

Defendant is informed and believes that Plaintiff is a resident and/or has a place of business located in Los Angeles County, California.[1] There are multiple other Tesla showrooms in closer proximity to Plaintiff's apparent residence. In fact, Plaintiff sued Tesla in a separate Title III ADA case regarding its showroom in Sherman Oaks, California, which is located in Los Angeles County. *See Whitaker v. Tesla Motors, Inc.*, No. CV 19-6605-MWF-E, 2019 WL 787377, at *1 (C.D. Cal. October 17, 2019); Request for Judicial Notice at ¶1.

### III. LEGAL STANDARD

Federal courts must be "diligent in observing standing requirements." *B.C.*

---

[1] Defendant bases this belief on a California public records, in particular Loyalty Has Its Privileges, LLC a business associated with Plaintiff's name which lists its entity address as 510 S Spring St. Apt 1206 Los Angeles, CA 90013. [Declaration of Arthur Gaus at ¶¶ 3-6].

*v. Plumas Unified School Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999). This is particularly true in ADA litigation in light of the "[r]ecognized trend of abusive ADA litigation." *Harris v. Stonecrest Care Auto Center, LLC*, 472 F.Supp.2d 1208, 1215 (S.D. Cal. 2007) (citing *Molski v. Arby's Huntington Beach*, 359 F.Supp.2d 938, 941 (C.D. Cal. 2005)). Accordingly, courts must employ "special diligence and vigilant examination of the standing requirement." *Id.* This additional scrutiny is "[n]ecessary and appropriate to ensure the litigation serves the purposes for which the ADA was enacted." *Id.*

Lack of subject matter jurisdiction may be raised by either party at any point during the litigation. *Arbaugh v. Y&H Corp*, 546 U.S. 500, 506 (2006). Challenges to Article III standing are brought under Fed. R. Civ. P. 12(b)(1). *Head v. Wilkie*, 936 F.3d 1007, fn. 4 (9th Cir. 2019). There are two types of motions to dismiss for lack of subject matter jurisdiction: a facial attack and a factual attack. *Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.,* 594 F.2d 730, 733 (9th Cir. 1979). Thus, a party may either make an attack on the allegations of jurisdiction contained in the nonmoving party's complaint, or may challenge the existence of subject matter jurisdiction in fact, despite the formal sufficiency of the pleadings. *Johnson v. Oishi* , 362 F.Supp.3d 843 (E.D. Cal. 2019).

In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. *Safer Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). During a facial attack, the court examines the complaint as a whole to determine if the plaintiff has "alleged a proper basis for jurisdiction." *Watson v. Chessman*, 362 F.Supp.2d 1190, 1195 (S.D. Cal. 2005)

### IV.   ARGUMENT

A disabled person claiming access discrimination must establish Article III standing to maintain a suit under the ADA. *Chapman v. Pier 1 Imps. (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). The only remedy available to a private litigant

under the ADA is an injunction—so, the plaintiff must prove he suffered an injury-in-fact and that there is a threat of <u>future</u> harm. *Id.* Indeed, demonstrating "past exposure to illegal conduct" alone is insufficient to demonstrate a present case or controversy. Instead, "the plaintiff must allege continuing, present adverse effects stemming from the defendant's actions." *Civil Rights Educ. & Enf't Ctr. v. Hosp. Props. Tr.*, 867 F.3d 1093, 1098 (9th Cir. 2017) ("*CREEC*"). There are two ways to demonstrate standing under the ADA. A plaintiff must show that he has either suffered an "injury-in-fact coupled with an intent to return," or alternatively is deterred from returning to the premises. *Chapman*, 631 F.3d at 944. While courts take a broad view of constitutional standing in disability access cases, the ADA's reach is "not unlimited." *Id*. at 946. In a motion to dismiss for lack of jurisdiction, the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Kingman Reef Atoll Investments, LLC v. U.S.*, 541 F.3d 1189, 1197 (9th Cir. 2009).

In alleging Article III standing, a plaintiff may not "rely on bare legal conclusions." *Maya v. Centex*, 658 F.3d 1060, 1068 (9th Cir. 2011) (*citing Chapman,* 631 F.3d at 954-955, fn. 9). Standing is not conferred based on "naked assertions devoid of further factual enhancement." *Strojnik v. Bakersfield Convention Hotel LLC*, 436 F.Supp.3d 1332, 1342 (E.D. Cal. 2020) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In *Strojnik*, the court held that "[m]ere conclusory allegations that an ADA plaintiff intends to return and is deterred from returning to a place are insufficient." *Id*. at 1342. The court further noted that in order to establish standing, a "plaintiff must allege facts, not mere legal conclusions" that "he is deterred from visiting [a place of public accommodation] based on [his] knowledge that the [public accommodation] is not in compliance with the ADA, and that he intends to visit the [public accommodation] at a specific time when the [accommodation] is in compliance." *Id*. (*accord Johnson v. Mantena LLC*, No. 5:19-cv-06468-EJD, 2020 WL 1531355,

at *3-*6 (N.D. Cal., March 31, 2020) (granting defendant's motion to dismiss based on lack of Article III standing holding that the plaintiff's "formulaic recitation of an intent to return is insufficient as a matter a matter of law.")).

Furthermore, the volume of Plaintiff's litigation activities, while not determinative, is relevant to the Court's consideration of an ADA Plaintiff's professed intention to return to a facility.  *Wilson v. Costco Wholesale Corp.*, 426 F.Supp.2d 1115, 1122-1124 (S.D. Cal. 2006).  In short, when evaluating the veracity of an ADA Plaintiff's alleged intent to return, a "[l]arge number of Title III claims brought by Plaintiff raises concerns about credibility." *Harris*, 472 F.Supp.2d at 1217.

### A. The FAC Fails To Allege Sufficient Facts Of An Intent To Return

"Although encounters with the noncompliant barriers related to one's disability are sufficient to demonstrate an injury-in-fact for standing purposes, a plaintiff seeking injunctive relief must additionally demonstrate 'a sufficient likelihood that he will again be wronged in a similar way.'" *Chapman*, 631 F.3d at 948 (*quoting City of L.A. v. Lyons*, 461 U.S. 95, 111 (1983)).  To determine whether a plaintiff's likelihood of returning to a place of public accommodation is sufficient to confer standing, courts examine factors such as "(1) the proximity of defendant's business to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant." *Johnson v. Overlook at Blue Ravine, LLC*, No. 2:10-cv-02387-JAM-DAD, 2012 WL 2993890, at *3 (E.D. Cal. 2012) (collecting cases); *see also Johnson v. DTBA, LLC*, No. 5:19-cv-00082-EJD, 2019 WL 6311408, at *3–*5 (N.D. Cal. Nov. 25, 2019) (applying factors).

#### 1. Plaintiff's Residence And/Or Business Are Not In Close Proximity to Tesla's Showroom

This factor considers the proximity of the subject business to the plaintiff's

residence/place of business. *Mantena LLC*, 2020 WL 1531355, at *4. In *Blue Ravine*, the court concluded that while a distance of "approximately fifteen miles" between the business and plaintiff's home was relatively close, it only weighed slightly in Plaintiff's favor. *Blue Ravine*, 2012 WL 2993890, at *8. "As the distance between the plaintiff's residence and the public accommodation increases, the likelihood of future harm decreases." *Molski v. Mandarin Touch Restaurant* 385 F.Supp.2d 1042, 1045 (E.D. Cal. 2005). When the distance between the Plaintiff's residence and the location at issue in an ADA complaint is significant, "especially if it is in excess of 100 miles, courts have consistently held that it weighs against finding a reasonable likelihood of future harm." *Id.*

The geographic distance separating Plaintiff's likely residence/business and the Tesla Showroom at issue in this case strongly indicates that Plaintiff has no intent to return. Plaintiff appears to be a resident of and/or have a place of business in Los Angeles County, which is well in excess of 130 miles away from the Tesla Showroom in San Diego, California. [Declaration of Arthur Gaus at ¶¶ 3-6; Request for Judicial Notice ¶¶ 2-3]. The court may take judicial notice of this fact. *See* Fed. R. Evid. 201 (stating that the court may take judicial notice on its own of things "generally known within the trial court's territorial jurisdiction."). Particularly in light of the absence of any facts in the FAC articulating a reason for Plaintiff's presence in the San Diego area, there is no present reason to believe he intends to ever travel there again, let alone return to the same Tesla Showroom. This is compounded by the fact that Plaintiff has filed an ADA suit identical to this one involving a Tesla showroom in Sherman Oaks, California that is closer in proximity to Plaintiff's place of business/residence (approximately 20 miles). [Declaration of Arthur Gaus at ¶¶ 3-6; Request for Judicial Notice ¶¶ 2-3]. This factor weighs in Tesla's favor.

### 2. Plaintiff Has Alleged Only One Past Visit to the Tesla Showroom

In one court's view, "[l]acking a history of past patronage [beyond a single past visit] seems to negate the possibility of future injury…" at a particular location. *Parr v. L & L Drive-Inn Restaurant* 96 F.Supp.2d 1065 at 1079 (D. Hawai'i 2000). A history of only one visit weighs strongly against an intent to return. *Blue Ravine*, 2012 WL 2993890, at *3.

Plaintiff's FAC vaguely identifies only one visit to the Tesla Showroom and that visit the subject of this case. [FAC ¶ 7]. The fact that Plaintiff has alleged no history of visits pre-dating that visit weighs strongly against an intent to return. In addition, where some district courts have found a single past visit sufficient to confer standing in the chain-restaurant, supermarket or gas station settings, *e.g. Harris v. Del Taco, Inc.* 396 F.Supp.2d 1107, 1115 (C.D. Cal. 2005), such cases are clearly distinguishable from the present case. The "goods and services" that Plaintiff claims he was denied access appear to relate to the purchase of new automobiles, not fast-food meals, gasoline, or other quickly and often purchased items at a chain retailer. This factor thus also weighs in Tesla's favor.

### 3. Plaintiff Has Not Sufficiently Alleged a Definitive Plan to Return

Standing cannot be established by the "mere profession of an intent, some day, to return." *Lujan,* 504 U.S. at 564 n. 2. To the contrary, where, as here, a plaintiff lacks concrete, articulable plans to return, "[t]he Court must satisfy itself that the plaintiff's professed intent to return is sincere and supported by the factual circumstances of the case." *Parr*, 96 F.Supp.2d 1065 at 1079–1080. A Plaintiff's geographic distance from and lack of concrete plans return to a public accommodation prevent a court from inferring an intent to return. *Mantena LLC*, 2020 WL 1531355, at *4.

Plaintiff generally alleges that he intends to return to the Tesla Showroom once the alleged ADA barriers are remediated without further factual

enhancement. [FAC ¶ 17]. This "some-day intention" to return is insufficient and is nothing more than a formulaic recitation of this element of standing. *Mantena LLC*, 2020 WL 1531355, at *4; *Blue Ravine*, 2010 WL 2993890, at *3. The FAC offers no facts whatsoever as to why how or why Plaintiff intends to visit an automotive showroom more than 130 miles from his residence/place of business. In addition, he has alleged no facts indicating why he prefers the Tesla Showroom in San Diego over other showrooms are that are closer to his likely place of residence/business, including the Tesla showroom that is the subject of his case against Tesla in the Central District of California and that is located in Sherman Oaks, California. He has alleged no facts indicating that the Tesla Showroom in San Diego provides any service that is unique from the showroom in Sherman Oaks. The Court therefore should not infer Plaintiff's intent to return to the Showroom and this factor also weighs in Tesla's favor.

### 4. Plaintiff's Complaint is Silent as to the Frequency of His Travels to the Area of the Tesla Showroom

Finally, the FAC also offers no facts whatsoever as to the frequency of Plaintiff's travels to San Diego County, the area of San Diego where the Tesla showroom is located or any nexus between his travels to San Diego and his presence, past or future, in the Tesla showroom. While Plaintiff's FAC alleges a desire to return once the barriers are removed, this is nothing more than a naked assertion without further factual enhancement because it is silent as to why Plaintiff would travel to San Diego to visit an automotive showroom that sells vehicles he is likely incapable of operating, especially when he lives and works closer to other Tesla showrooms (like the one in Sherman Oaks, CA, which is the subject of another one of Plaintiff's lawsuits against Tesla). [Declaration of Arthur Gaus at ¶¶ 3-6; Request for Judicial Notice ¶¶ 2-3]. As the party claiming standing, Plaintiff bears the burden of proof; this cannot be borne by his lack of factual allegations on this question.

Accordingly, the FAC fails to sufficiently allege an intent to return to the Tesla Showroom.

### B. The FAC Fails to Allege Sufficient Facts of Deterrence

"A disabled individual also suffers a cognizable injury if he is deterred from visiting a noncompliant public accommodation because he has encountered barriers related to his disability there." *Chapman*, 631 F.3d at 949. Still, under this test, an ADA plaintiff must show an intent to return. *See id.* ("[W]e have Article III jurisdiction to entertain requests for injunctive relief both to halt the deterrent effect of noncompliant accommodation and to prevent imminent 'discrimination,' ... against a disabled individual *who plans to visit a noncompliant accommodation in the future.*" (emphasis added)). There must be some plausible intent to return. *Mantena LLC*, 2020 WL 1531355, at *5. As the court noted in *Mantena LLC* as to an intent to return:

> [f]or instance, in *Parr v. L&L Drive-Inn Restaurant*, the court held that the disabled plaintiff established a likelihood of future injury because the plaintiff pled (1) he patronized other restaurants in the defendant's restaurant chain, which served similar food to the restaurant he would have frequented but-for ADA violations, and (2) the restaurant he wanted to patronize was close to his residence and was on a familiar bus line. 96 F. Supp.2d 1065, 1079–80 (D. Haw. 2000); *see also Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1040 (9th Cir. 2008) (holding that the plaintiff adequately alleged deterrence because the plaintiff alleged that the 7-Eleven store, the alleged ADA-noncompliant place, was in an area he frequented at least once a year, was near his favorite fast-food restaurant, and he had been there "on ten to twenty prior occasions"). Likewise, in *Pickern v. Holiday Quality Foods Inc.*, the Ninth Circuit found standing based on deterrence where a disabled plaintiff sued a store located 70 miles from his residence. 293 F.3d 1133, 1135 (9th Cir. 2002). There, the plaintiff alleged that he had visited the store (the alleged ADA noncompliant place) on several occasions in the past and would prefer to patronize the store if it were accessible. *Id.* at 1138–39. The plaintiff also alleged he was likely to return since the grocery store was part of his favorite grocery chain and the store was located in the town where the plaintiff visited his grandmother every week. *Id.* at 1135.

*Mantena LLC*, 2020 WL 1531355, at *5.

The facts of this case do not present a similar deterrent effect. Plaintiff's formulaic recitation of an intent to return is insufficient as a matter of law. *Lujan*, 504 U.S. at 564; *see also Ashcroft v. Iqbal*, 556 U.S. at 662, 678 (2009) ("[A]

complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' (alteration in original) (citation omitted)).  Plaintiff alleges only that he is deterred from visiting the Showroom.  [FAC at ¶17].  He fails to allege why he prefers this Showroom to other showrooms in closer proximity to his residence, such as the showroom located in Sherman Oaks, California.  *See Mantena LLC*, 2020 WL 1531355, at *5 (noting that the plaintiff's failure "to allege why he prefers this Dental Clinic to the ample other dental clinics throughout the Sacramento–area" as a factor weighing against an intent to return and deterrence).  Additionally, Plaintiff fails to allege that he intends to frequent the San Diego Area in the future.  Likewise, Plaintiff provides no indication that he has any sort of concrete plan to visit the Showroom in the future.  His allegations of deterrence are thus strictly theoretical; he has not demonstrated a sufficient likelihood that he will be wronged in a similar way.  *See Strojnik v Wickstrom Hosp., LLC*, Case No. 2:19-cv-002043, 2020 WL 1467067, at *6 (E.D. Cal. Mar. 26, 2020).

Accordingly, Plaintiff has failed to allege imminent future injury and therefore lacks Article III standing to assert his claim for injunctive relief under Title III of the ADA.

### C. Plaintiff's Status As A High Frequency ADA Litigant Weighs Against An Intent to Return And Deterrence

As discussed above, Plaintiff is an admitted High Frequency Litigant as defined under California law.  He has filed multiple ADA cases against Tesla including one involving a Tesla showroom located in closer proximity to his likely place of residence/business.  Thus, and while not dispositive, his status weighs against a finding of Article III standing.

### V. CONCLUSION

Based on the foregoing, Tesla respectfully requests an order from this Court dismissing this action without leave to amend because there insufficient facts

alleged in the FAC that would permit Plaintiff to establish Article III standing.

DATED:  August 3, 2020              BURNHAM BROWN


                                    /S/ Arthur S. Gaus_____
                                    ROHIT SABNIS
                                    ARTHUR GAUS
                                    Attorneys for Defendant
                                    TESLA, INC

4817-3585-3510, v. 1