UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>  Plaintiff,<br><br>v.<br><br>TESLA MOTORS, INC., a Delaware Corporation; and DOES 1-10,<br><br>  Defendants. | Case No.: 19-cv-01193-AJB-BLM<br><br>**ORDER DENYING DEFENDANT TESLA, INC.'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>**(Doc. No. 24)** |

Before the Court is Defendant Tesla, Inc.'s ("Defendant")[1] motion to dismiss Plaintiff Brian Whitaker's ("Plaintiff") complaint for lack of subject matter jurisdiction. (Doc. No. 24 at 5.)[2] Plaintiff filed an opposition, to which Defendant replied. (Doc. Nos. 27, 31.) For the reasons set forth, the Court **DENIES** Defendant's motion.

## I.   BACKGROUND

Plaintiff suffers from a C-4 spinal cord injury and uses a wheelchair for mobility. (Doc. No. 21 ¶ 1.) Tesla owned the dealership located at or about 7007 Friars Road, San Diego, California in June 2019, and currently owns the dealership (the "Dealership"). (*Id.*

---

[1] Defendant asserts in its brief that its correct corporate name is Tesla, Inc.—not Tesla Motors, Inc.
[2] The pincite page citations refer to the ECF-generated page numbers at the top of each filing.

1  ¶ 2–3.) The Dealership is open to the public and has service counters for its patrons. (*Id.* at
2  ¶ 8–9.)
3      In June 2019, Plaintiff went to the Dealership with the intention of availing himself
4  of its goods, and motivated in part to determine if Defendant complies with the disability
5  access laws. (*Id.* ¶ 7.) According to Plaintiff, Defendant failed to provide accessible service
6  counters. (*Id.* ¶ 10.) Plaintiff alleges that Defendant's showroom had three tables with bar
7  stools and computers, which were utilized as service counters. (*Id.* ¶ 11.) They were 40
8  inches high, with no lowered portions for persons in wheelchairs. (*Id.* ¶ 12.) Plaintiff claims
9  that by failing to provide lowered service counters, Defendant denied him, as a wheelchair
10 user, full and equal access. (*Id.* ¶ 14.)
11     Plaintiff states that he is currently deterred from returning to the Dealership because
12 of his knowledge of the existing barriers, but he intends to return once it is represented to
13 him that Defendant and its facilities are accessible. (*Id.* ¶ 17.)

## II.    LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) tests whether the court has subject matter jurisdiction. While lack of "statutory standing" requires dismissal for failure to state a claim under Rule 12(b)(6), lack of Article III standing requires dismissal for want of subject matter jurisdiction under Rule 12(b)(1). *See Nw. Requirements Utilities v. F.E.R.C.*, 798 F.3d 796, 808 (9th Cir. 2015) ("Unlike Article III standing, however, 'statutory standing' does not implicate our subject-matter jurisdiction.") (citing *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 n.4 (2014)); *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* The court "resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are

sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

"[I]n a factual attack," on the other hand, "the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. In resolving such an attack, unlike with a motion to dismiss under Rule 12(b)(6), a court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* Moreover, the court "need not presume the truthfulness of the plaintiff's allegations." *Id.* Once the defendant has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the plaintiff bears the burden of establishing the court's jurisdiction. *See Chandler v. State Farm Mut. Auto Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

### III.  DISCUSSION

In its motion, Defendant argues that Plaintiff has not sufficiently alleged "an 'injury-in-fact coupled with an intent to return,' or alternatively 'deterrence from returning to the premises'" as required to establish Article III standing pursuant to *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). (Doc. No. 31 at 6.) Subsequent to the parties' briefings and the Court taking this matter under submission, the Ninth Circuit Court of Appeal published *Whitaker v. Tesla Motors, Inc.*, an ADA case identical to the one before this Court, but originating from the Central District of California. --- F.3d ---, No. 19-56497, 2021 WL 235777 (9th Cir. Jan. 25, 2021).

There, the Ninth Circuit considered the issue of standing and reiterated its adherence to "the Supreme Court's instruction to take a 'broad view' of standing in civil rights complaints." *Id.* at *5 (citing *Chapman*, 631 F.3d at 954; *Trafficante v. Metro. Life Ins. Co.*, 409 U.S. 205, 209 (1972)). The Ninth Circuit then reasoned:

> Here, Whitaker's complaint alleges that he uses a wheelchair for mobility, that he visited the defendant's premises, that he personally encountered a barrier related to his disability—inaccessible service counters—and that the barrier deters him from returning. These allegations are sufficient to establish injury-in-fact for purposes of standing.

*Id.* The same is true in this case.[3]

Here, Plaintiff alleges that he uses a wheelchair for mobility, that he visited Defendant's premises in June 2019, personally encountered barriers related to his disability—namely, service counters that are too high and the unavailability of lowered ones—and that knowledge of the existing barriers deter him from returning to the Dealership. *See supra* § I. As Plaintiff's allegations are virtually identical to those the Ninth Circuit found to be sufficient for Article III standing, the Court similarly finds that Plaintiff has pled facts sufficient to establish standing in this ADA case. *Whitaker, Inc.*, --- F.3d ---, No. 19-56497, 2021 WL 235777 at *5. *See also* (Doc. Nos. 21, 24-7 (containing the complaints in the two actions).

## IV.  CONCLUSION

Accordingly, for the foregoing reasons, the Court **DENIES** Defendant's motion to dismiss. (Doc. No. 24.)

**IT IS SO ORDERED**.

Dated: January 29, 2021

Hon. Anthony J. Battaglia
United States District Judge

---

[3] Indeed, Defendant noted that "[t]his action is one of two substantively identical complaints brought by Plaintiff against Tesla" and requested the Court to take judicial notice of the action and complaint in the Central District of California. (Doc. No. 24-6 at 2.) Because a "court may take judicial notice of court records in another case," the Court grants Defendant's request. *United States v. Howard*, 381 F.3d 873, 876 fn.1 (9th Cir. 2004). The other requests for judicial notice need not be considered as they are not consequential to the resolution of the motion.